J-S33028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE EVERETT | : | |
| | : | |
| Appellant | : | No. 3079 EDA 2017 |

Appeal from the PCRA Order Entered August 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1100801-1995

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 01, 2018**

Maurice Everett appeals from the order entered on August 15, 2017, denying his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 21, 1996, following a bench trial, Everett was convicted of one count each of second-degree murder, possession of an instrument of crime ("PIC"), and criminal conspiracy, and two counts of robbery.[1] On October 21, 1996, the trial court sentenced Everett to life imprisonment without parole for second-degree murder, and imposed concurrent terms of two and one half to five years' incarceration for PIC, and five to ten years' incarceration for criminal conspiracy. The robbery convictions merged with the murder

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 907, 903, and 3701, respectively.

conviction for sentencing purposes. This Court affirmed his judgment of sentence on August 27, 1997. Everett did not seek allowance of appeal.

On January 28, 1998, Everett filed his first counseled PCRA petition, which the trial court dismissed for lack of merit. This Court affirmed on May 30, 2001. Everett then filed numerous unsuccessful PCRA petitions. On March 25, 2016, he filed the document that gave rise to this appeal, a so-called "Writ of *Habeas Corpus*," which he supplemented on August 29, 2016, with what he styled a PCRA petition. The trial court treated the petition for Writ of *Habeas Corpus* as a PCRA petition and, on April 27, 2017, gave notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Everett replied to the Rule 907 notice on May 15, 2017. The trial court dismissed his PCRA petition on August 15, 2017. This timely appeal followed. The trial court did not request that Everett file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Although Everett's brief does not contain a statement of questions involved,[2] we are able to discern from his brief the issue he raises in this Court and thus will not quash this appeal. **See Kern v. Kern,** 892 A.2d 1, 6 (Pa.Super. 2005) (declining to quash appeal where Court was able to discern issue raised and defects in brief, such as failure to include statement of matters complained of on appeal, did not hamper appellate review). Everett argues that the lower court should have granted him PCRA relief based on

---

[2] **See** Pa.R.A.P. 2111(a).

*Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (holding mandatory sentence of life imprisonment without possibility of parole was illegal, and setting forth sentencing procedures). However, Everett's petition was untimely, he failed to prove any time-bar exceptions applies, and *Batts* is inapplicable here.

A defendant must present all claims cognizable under the PCRA within one year of the date the judgment of sentence becomes final, unless a statutory exception to the one-year time bar applies. 42 Pa.C.S.A. § 9545(b). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A PCRA petitioner filing after the one-year deadline must plead and prove at least one of the three limited time-bar exceptions:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 3 -

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within 60 days of the date on which he or she could have first raised it. 42 Pa.C.S.A. § 9545(b)(2).

Everett's sentence became final on September 26, 1997, at the expiration of the time for him to seek allowance of appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a). He thus had until September 28, 1998, to file a timely PCRA petition.[3] Everett filed the instant petition on August 29, 2016, nearly 18 years later. It was therefore untimely, and the PCRA court lacked jurisdiction unless Everett pleaded and proved that at least one of the exceptions applied.

Everett asserts the governmental interference exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). Because he raised this exception for the first time on appeal, he has waived this claim. *See* Pa.R.A.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal).

In all events, even if Everett had properly preserved his "governmental interference" claim, no relief would be due. Everett appears to argue that that unnamed "governmental officials" interfered by unspecified means in his discovery of the Supreme Court's decision in *Batts*. He seems to believe that *Batts* requires relief in his case because he was sentenced to life without parole "to what ha[s] now been determined to be unconstitutional provisions

---

[3] Because the one-year deadline fell on a Saturday, Everett had until the following Monday, September 28, 1998, to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908.

- 4 -

of 42 Pa.C.S.[A.] § 9711 (requiring sentencing factors to be determined by the trial court by a preponderance of the evidence) are unseverable, and that the statutes at issue are unconstitutional." Everett's Br. at 5-6.

These arguments – insofar as we understand them – are meritless. Regarding the specific timeliness issue at hand, Everett does not explain how any governmental actor impeded his discovery of the Supreme Court's decision in **Batts**. Furthermore, the trial court did not sentence Everett pursuant to Section 9711, because he was convicted of second-degree murder, not first-degree murder. In addition, **Batts** would not afford Everett relief because he was not a juvenile at the time he committed the crimes at issue. He was 25 years old. The trial court properly dismissed Everett's PCRA petition as untimely.

Finally, we deny Everett's Emergency Motion to Stay Appeal and Remand to the PCRA Court for an Evidentiary Hearing. We do so without prejudice to his ability to seek PCRA relief based on the allegedly "newly discovered evidence" he cites in his Motion, in a timely PCRA petition after disposition of the present appeal.

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/18